

BROWN GAVALAS & FROMM LLP
Attorneys for Plaintiff
C.F.D. SHIPPING LTD.
355 Lexington Avenue
New York, New York 10017
212-983-8500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

C.F.D. SHIPPING LTD.,

     Plaintiff,

 -against-

ABASA NIGERIA ENTERPRISES LTD.,

     Defendant.
------------------------------------------------------------------X

08 Civ.

**VERIFIED COMPLAINT**

  Plaintiff, C.F.D. SHIPPING LTD. ("Plaintiff"), by its attorneys, Brown Gavalas & Fromm LLP, as and for its Verified Complaint against defendant ABASA NIGERIA ENTERPRISES LTD. ("Defendant"), alleges upon information and belief as follows:

  1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction under 28 U.S.C. § 1333.

  2. At all material times, Plaintiff was and now is a foreign corporation organized and existing under and by virtue of the laws of Ukraine with an office and place of business at 89 Lunina Avenue, Mariupol, Ukraine 87510.

  3. Upon information and belief, at all material times Defendant was and still is a corporation organized and existing under and by virtue of the laws of Nigeria, with an office and place of business at plot 2023, Block 2B, Apt. FBI Porbeni Estate, Cotonou Crescent, Wuse Zone 6, Abuja, Nigeria.

4. At all material times, Plaintiff was the owner of the motor vessel DOBRUSH ("the Vessel").

5. On or about February 15, 2008, Plaintiff, as owner, and Sunfert S.A., as charterer, entered into a charter agreement whereby Plaintiff agreed to let, and Sunfert S.A. agreed to hire, the Vessel to transport a cargo of prilled urea, under certain terms and conditions, from Yuzhny, Ukraine to Apapa, Nigeria ("the Charterparty"). A copy of the Charterparty is annexed hereto as Exhibit "A".

6. On or about February 25, 2008, Plaintiff issued a bill of lading with respect to the cargo transported aboard the Vessel. That bill of lading named Defendant as the receiver of the cargo. Moreover, the bill of lading incorporated all of the terms of the Charterparty, including a clause referring all disputes between the parties to London arbitration.

7. Under the terms of the Charterparty, the "quantity of cargo loaded on board [was] to be determined by means of [a] draft survey." A draft survey was conducted on February 23-24, 2008, showing that 24,390.832 MT of cargo was loaded aboard the Vessel.

8. Upon arrival in Nigeria, the parties conducted another joint draft survey. This survey showed that 24,328.968 MT of cargo was discharged from the Vessel between March 25 and April 13, 2008. Thus, according to the two draft surveys, there was a shortage of approximately 61.864 MT, with a value of approximately $29,700.00.

9. During discharge, the master of the Vessel issued two letters of protest, dated March 27 and 30, 2008 indicating that stevedores "negligently discharge[ed]" the cargo, caused "considerable leakage and loss of the cargo." Under Clause 25 of the Charterparty Rider, "[s]hould there be any stevedore damage . . . [i]n case Owners are unable to settle the damage directly with Stevedores, Charterers to remain responsible for stevedore damage, provided

2

Master has reported such damage in writing prior to sailing from port in question, and has obtained acceptance from Stevedores and has arranged survey . . . ."

10. Notwithstanding Clause 36 of the Charterparty, requiring that all disputes be resolved in London arbitration, Defendants commenced an action in Nigeria, alleging a shortage of 630.805 MT and requesting an order of arrest for the Vessel. Defendant refuses to release the Vessel unless Plaintiff pays the full amount of its demand or provides a bank guarantee from a local Nigerian bank. A bank guarantee takes several weeks to obtain.

11. Because the Vessel is currently under arrest, Plaintiff is incurring losses of $40,000.00 per day due to lost use of the Vessel. The Vessel was arrested on or about April 23, 2008, and thus Plaintiff has incurred losses of approximately $1,080,000.00 through May 20, 2008.

12. Under the terms of the Charterparty, all disputes between the parties are to be decided by arbitration in London, pursuant to English law. The parties have commenced arbitration proceedings in London.

13. This action is in aid of said London arbitration proceedings in accordance with 9 U.S.C. § 8. Plaintiff seeks to obtain adequate security to satisfy a potential London arbitration award in Plaintiff's favor.

14. In addition to recovering the principal amount due Plaintiff pursuant to the Charterparty, Plaintiff also fully anticipates recovering interest, costs and attorneys' fees, which are routinely awarded to the prevailing party in London arbitration proceedings. As best as can now be estimated, Plaintiff expects to recover the following amounts in the London arbitration:

    a.     On the principal claim      $1,080,000.00

    b.     3 years of interest at 6% per annum, compounded quarterly      $211,267.63

3

|   |   |   |
|---|---|---|
| c. | Costs (arbitrators' fees, attorneys' fees etc.) | $45,000.00 |
|   | TOTAL | $1,336,267.63 |

15. Upon information and belief, Defendant cannot be found within the District, within the meaning of Supplemental Rule B of the Federal Rules Civil Procedure, but is believed to have or will have during the pendency of this action assets within this District, specifically including cash, funds, freight, hire, accounts and other property, in the hands of garnishees in the District including, but not limited to, American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank; Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are believed to be due and owing to the Defendant.

Plaintiff prays:

A. That process in due form of law according to the practice of this Court in admiralty and maritime jurisdiction issue against the Defendant, citing it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That because the Defendant cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of the Court to issue Process of Attachment and Garnishment, pursuant to Rule B of the Supplemental Admiralty Rules and the United States Arbitration Act, 9 U.S.C. §§ 1 and 8, attaching all cash, goods, chattels, letters of credit, bills of lading, effects, debts and monies, tangible or intangible, or any other funds held by any garnishee, including American Express Bank, Ltd.; ABN-AMRO Bank; Bank of Tokyo Mitsubishi UFJ Ltd.; Barclays Bank;

Calyon; Standard Chartered PLC; HSBC Bank; Bank of America; BNP New York; Bank of New York; J.P. Morgan Chase; Deutsche Bank; Citibank; Mashreq Bank; Bank of China; UBS AG; and Wachovia Bank, which are due and owing to the Defendant, in the amount of $1,336,267.63, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B, answer the matters alleged;

C. That this action be stayed and this Court retain jurisdiction over this matter through the entry of any judgment or award, and any appeals thereof; and

D. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
       May 20, 2008

                                              BROWN GAVALAS & FROMM LLP
                                              Attorneys for Plaintiff
                                              C.D.F. SHIPPING LTD.

By: _____
     Peter Skoufalos (PS- 0105)
     355 Lexington Avenue
     New York, New York 10017
     212-983-8500

## VERIFICATION

STATE OF NEW YORK      )
                                          : ss.:
COUNTY OF NEW YORK  )

PETER SKOUFALOS, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Brown Gavalas & Fromm LLP, attorneys for Plaintiff.

2. I have read the foregoing Verified Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

_____
PETER SKOUFALOS

Sworn to before me this
20th day of May 2008

_____
Notary Public

EVAN B. RUDNICKI
Notary Public of the State of New York
No. 02RU6142314
Qualified in Rockland County
Term Expires March 13, 201_

6